1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LAMAR JOHNSON,

            Petitioner,                  No. CIV S-09-1988 EFB P

     vs.

JOHN MARSHALL[1], Warden,            ORDER

            Respondent.

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  This case is before the undersigned pursuant to the parties'

consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

       On March 17, 2010, respondent filed a motion to dismiss the petition, contending that the

claims raised therein had not been properly exhausted.  Dckt. No. 12.  Petitioner then moved this

---

[1] The petition named "People of the State of California" as respondent.  In an action for a
writ of habeas corpus, the proper respondent is the petitioner's "immediate custodian"; i.e., the
person who has day-to-day control over the petitioner.  *Brittingham v. United States*, 982 F.2d
378, 379 (9th Cir. 1992); *see also Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir.
1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him
or her as the respondent to the petition."); Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254,
Rule 2(a).  Accordingly, the court now substitutes in the correct respondent, the Warden of
California Men's Colony – East, John Marshall.

court to stay his petition and hold it in abeyance to allow him to return to state court to exhaust his claims.  Dckt. No. 16.  Respondent opposes petitioner's request for a stay.

### I. Exhaustion

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).  "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law."  *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000).  "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ."  *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

Petitioner filed one habeas petition in the California Supreme Court.  Resp.'s Mot. to Dism., Lodged Docs. In Supp. Thereof  (hereinafter "Lodged Doc."), Lodged Doc. 2.  Petitioner argued that the trial court abused its discretion in sentencing him under California's Three Strikes Law and that the Three Strikes sentencing violated state and federal prohibitions on cruel and unusual punishment and double jeopardy.  *Id.*  The court denied the petition with citation to

*In re Swain*, 34 Cal.2d 300, 304 (1949) and *People v. Duvall*, 9 Cal.4th 464, 474 (1995).  Lodged Doc. 3.

In the instant petition, petitioner raises the following claims:

(1) that the prosecution failed to disclose evidence favorable to the defense;

(2) that his sentencing violated the federal constitutional prohibitions on cruel and unusual punishment and double jeopardy; and

(3) that he was denied effective assistance of counsel at trial, because

(a) the trial court denied his request to fire his attorney,

(b) his trial attorney failed to suppress perjured witness testimony, and

(c) he accepted a plea deal because he feared he would receive a worse outcome through trial due to his counsel's incompetence.

Pet. at 5-6.  There is no question that petitioner has not exhausted claims (1) and (3), which were not included in his California Supreme Court petition.  Respondent contends that claim (2) is also unexhausted, because petitioner failed to fairly present the claim to the California Supreme Court, as indicated by that court's citations to *Swain* and *Duvall*.

*Duvall*, at the page cited by the California Supreme Court, held that a habeas petitioner, to satisfy his or her initial pleading burden of stating grounds sufficient for relief, should "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations."  *Duvall*, 9 Cal.4th at 474.  *Swain* similarly held that a habeas petitioner must state with particularity the facts upon which the claim is based.  *Swain*, 34 Cal.2d at 304.  The California Supreme Court's citation to these authorities in denying a petition for writ of habeas corpus indicates the court's conclusion that the claims therein have not been stated with sufficient particularity.  *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).  Failure to state claims with sufficient particularity is a defect that can be cured by a renewed petition to the court.  *Id.*  Accordingly, where a claim could have been stated with greater particularity, the claim has not been exhausted until the petitioner files a renewed petition with

the California Supreme Court curing the deficiency, and has therefore given that court the

required fair opportunity to correct the constitutional violation.  *Id.* at 1319-20.  However, where

the claims are incapable of being alleged with any greater particularity, "the California Supreme

Court's denial for lack of particularity amounts to a holding that the claims themselves are

defective" and the claims are therefore exhausted without any need to file a renewed petition in

the California Supreme Court.  *Id.*

Under *Kim*, this court must independently examine the petition to determine whether

claim (2) was capable of being alleged with greater particularity and is therefore unexhausted.

*Id.* at 1320.  Petitioner alleged in his California Supreme Court petition:

> The court that sentenced me is violating the State and Federal prohibitions on
> cruel and unusual punishment and the double jeopardy clause.  The court is
> specifically violating this prohibition in a non-capital as well as capital contexts.
> The Eighth Amendment to the U.S. Constitution "does not require strict
> proportionality between crime and sentence" but rather, it forbids only extreme
> sentences that are grossly disproportionate to the crime.  These include (1) the
> gravity of the sentence or offense and the harshness of the penalty; (2) the
> sentences imposed for commission of the same crime in the same jurisdiction; and
> (3) the sentences imposed for commission of the same crime in other
> jurisdictions.  The court never conducted a proportionality analysis of these three
> criteria.  Thus, this prison sentence incorporating a strike sentence has violated
> both the Federal and State guarantees against cruel and unusual punishment.  I
> should not be placed twice in jeopardy for the same offense.

Lodged Doc. 2 at 4.  Such information was sufficient to allow the court to consider petitioner's

cruel and unusual punishment and double jeopardy claims, resolution of which depended on

analysis of purely legal issues based on simple facts provided by petitioner on the form petition –

his crime, prior conviction, and the length of his sentence.  *See* Lodged Doc. 2 at 2.  In other

words, the petition apprised the court of the claims – that use of his prior conviction to enhance

his sentence constituted cruel and unusual punishment and double jeopardy – and provided

sufficient facts so that the claims could be analyzed.  Accordingly, claim (2) was fairly presented

to the California Supreme Court, and respondent's motion to dismiss that claim must be denied.

*See Kim*, 799 F.2d at 1320-21 (finding claims fairly presented where the petitioner "reveal[ed]

the substance" of one claim and where another claim "raise[d] a pure question of law.").

1      The court must next determine whether to dismiss unexhausted claims (1) and (3) or to

2  stay the entire case pending petitioner's return to state court to exhaust those claims.

3  **II.  Stay**

4      There are two approaches for analyzing stay-and-abey motions – one provided for by

5  *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269

6  (2005).  *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

7      *Kelly* provides that a district court may stay a petition containing only exhausted claims

8  and hold it in abeyance pending exhaustion of additional claims which may then be added to the

9  petition through amendment.  *Kelly,* 315 F.3d at 1070-71; *King*, 564 F.3d at 1135.  If a petition

10  contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner

11  seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add

12  them back in through amendment after exhausting them in state court.  *King*, 564 F.3d at 1138-

13  39.  The previously unexhausted claims, once exhausted, must be added back into the federal

14  petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however.  *King*,

15  564 F.3d at 1140-41.  Under that section, a one-year limitation period for seeking federal habeas

16  relief begins to run from the latest of the date the judgment became final on direct review, the

17  date on which a state-created impediment to filing is removed, the date the United States

18  Supreme Court makes a new rule retroactively applicable to cases on collateral review or the

19  date on which the factual predicate of a claim could have been discovered through the exercise

20  of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the limitations

21  period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

22      Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring

23  dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court.

24  *King*, 564 F.3d at 1139-40.  Unlike the *Kelly* procedure, however, *Rhines* requires that the

25  petitioner show good cause for failing to exhaust the claims in state court prior to filing the

26  federal petition.  *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  In addition, a stay

1   pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or

2   where the petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id.*

3         In his motion for stay, petitioner states that he "has good cause for grant of stay and

4   abeyance in that he has potentially meritorious claims to exhaust in the state court; among them

5   is an actual innocence claim."  Petitioner provides no explanation, however, of why he did not

6   exhaust claims (1) and (3), and the apparently new actual innocence claim, in state court prior to

7   filing his federal petition.  As respondent notes, petitioner was aware of the factual basis of claim

8   (3) well prior to filing his California Supreme Court petition, because he included the claim in an

9   earlier superior court petition.  It further appears that petitioner should have been aware of the

10   factual basis of his first claim at the time of his conviction, as his trial counsel included those

11   facts in her sentencing arguments.  As to petitioner's claim of actual innocence, petitioner

12   provides no further information as to the basis of that claim or why it was not raised in the

13   California Supreme Court before the filing of the instant petition.

14         For those reasons, the court cannot conclude that petitioner has shown good cause for

15   failing to exhaust claims (1), (3), and the new actual innocence claim prior to the filing of his

16   federal petition.  Accordingly, the court may not stay the entire petition under the *Rhines*

17   procedure and dismissal of claims (1) and (3) for failure to exhaust is appropriate.  The court will

18   stay the petition under *Kelly*, however, to allow petitioner to return to state court to exhaust

19   claims (1), (3), and the actual innocence claim.  Upon exhausting those claims, petitioner may

20   seek to amend his federal petition to add the newly exhausted claims.  Petitioner is cautioned that

21   the one year statute of limitations provided by 28 U.S.C. § 2244(d)(1) applies and may preclude

22   such amendment.

23   ////

24   ////

25   ////

26   ////

**III.  Conclusion and Order**

For the foregoing reasons, respondent's motion to dismiss must be granted as to claims (1) and (3).  Petitioner's request for stay is granted, and this court's action on the petition's remaining claim (claim (2)) will be stayed pending exhaustion of petitioner's unexhausted claims in state court.

Accordingly, it is hereby ORDERED that:

1.  Respondent's March 17, 2010 motion to dismiss, Dckt. No. 12, is granted in part, and claims (1) and (3) of the petition are dismissed without prejudice.

2.  Petitioner's April 27, 2010 motion for stay, Dckt. No. 16, is granted in that the unexhausted claims in the original petition (claims (1) and (3)) are stricken pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) and this court's order on respondent's motion to dismiss, and the instant action, with only claim (2) remaining, is administratively stayed pursuant to *Kelly* and *King*.

3.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted; accordingly:

a.  Petitioner must file a habeas petition in the California Supreme Court raising the unexhausted claims within 30 days of the date of this order; and

b.  Petitioner must file quarterly reports describing the progress of his state court proceedings and attaching copies of the cover page of any document he files with or receives from the state courts, commencing thirty (30) days from the date of this order and continuing every ninety (90) days thereafter until his state court proceedings are terminated.

c.  Petitioner must file a motion to amend the petition to allege claim (2) along with the currently unexhausted claims (assuming the California Supreme Court denies habeas relief on the claims), within 60 days from the date of the California Supreme Court's decision on petitioner's habeas petition to that court.

////

1          d.  Petitioner's failure to comply with this order will result in this court's lifting of

2   the stay.

3   Dated:  December 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8