IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LAMAR JOHNSON,

    Petitioner,                      No. CIV S-09-1988 EFB P

    vs.

MATTHEW CATE,

    Respondent.                 <u>ORDER</u>

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 20, 2011, respondent filed a motion to dismiss the first amended petition. Dckt. No. 27. Petitioner did not file an opposition or a statement of no opposition. On January 12, 2012, the undersigned ordered petitioner to file an opposition or a statement of no opposition within 21 days and warned petitioner that failure to comply with the order would result in this action being dismissed. Dckt. No. 29. Within the 21 day period, rather than filing an opposition or a statement of no opposition, petitioner filed a second amended petition. Dckt. No. 30. The second amended petition is unresponsive to respondent's motion to dismiss and this court's January 12, 2012 order.

    A responding party's failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the

imposition of sanctions." L. R. 230(l).  Failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L. R. 110.  The court may dismiss this action with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Petitioner will be given one more opportunity to comply with the court's January 12, 2012 order.

Accordingly, it is hereby ORDERED that, within 21 days of the date of this order, petitioner shall file either an opposition to the motion to dismiss or a statement of no opposition.  Failure to comply with this order will result in this action being dismissed without prejudice.

Dated: May 18, 2012

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE